Plaintiff, a resident of Natchitoches Parish, Louisiana, filed suit against the Roy O. Martin Lumber Company and T. H. Mastin and Company, its insurer, seeking compensation at the rate of $11.70 per week for a period of 294 weeks.
The petition alleges that on January 29, 1947, plaintiff, while driving a mule team and loading logs on a truck, was injured when a grab hook on the end of a log chain came loose with force, cut his cheek and severed the cheek nerves, leaving a twitching and deadening sensation, resulting in constant pain and a 50% disability to do work.
After some preliminary pleadings, the suit against T. H. Mastin and Company was dismissed on plaintiff's motion. In a supplementary petition, plaintiff made one Joe Jett a co-defendant with the Roy O. Martin Lumber Company, and a default was entered against this defendant.
After trial, the District Court gave judgment against the Roy O. Martin Lumber Company for compensation at the rate of $5 per week, not to exceed 294 weeks, and rejected plaintiff's demands against the defendant, Joe Jett.
The Roy O. Martin Lumber Company appealed to this Court. Plaintiff answered, praying that the judgment be amended to allow him $10 per week for a period of 300 weeks, and did not appeal from the judgment rejecting his demands as to Joe Jett.
Defendant concedes that the plaintiff suffered an injury in the scope and course of his employment, but contends that plaintiff was completely recovered at the end of a six weeks period, during which compensation was paid him. Plaintiff testified that after the six weeks he returned to work "off and on" and did the same kind of work that he did before the injury, but that he was favored by the other employees.
Dr. R. S. Roy of Natchitoches, who, after the injury, gave immediate treatment, testified that plaintiff had a very severe injury, opening the left cheek; that he sutured the wound and thought the result was satisfactory. He examined plaintiff in Court and testified that the scar was about 1 1/2 inches long, but had healed to where it was "hardly noticeable." He testified that, in his opinion, the injury caused no disability. When asked if he was the physician *Page 343 
for the defendant company, he testified that he was not and that plaintiff consulted him of his own volition.
Plaintiff was examined by Dr. Gene D. Caldwell, Shreveport, Louisiana, and by agreement of counsel, the following letter was received in evidence:
"Roy O. Martin Lumber Company "1304 Fenner "Alexandria, Louisiana
"Attention: Mr. Kees
"Re: Olie Wester
"Gentlemen:
"The above named patient reported to my office on this date for examination and report. I examined this patient and was unable to find evidence of true disability. However, his complaints did not fall within my specialty and I feel unable to render an expert opinion. I should recommend that he be seen by a maxilo facial surgeon, such as Dr. Blaise Salatich in New Orleans, Louisiana.
"I am sorry that I cannot be of further assistance in this case.
"There will be no charge for my services.
"Sincerely yours,
"/s/ Gene D. Caldwell "Gene D. Caldwell, "M. D. F. A. C. S."
Also by stipulation of counsel, the following letter was received in evidence:
"Mr. James W. Jones, Jr. "Attorney at Law "Natchitoches, La.
"Dear Judge Jones:
"I have a letter today from Mr. Keys of the Roy O. Martin Lumber Company. He suggests that it is possible that Mr. Wester would like to go down to New Orleans to be treated by Dr. Blaise Salatich who is a facial nerve specialist. Please advise me if you want to have Mr. Wester looked over by Dr. Salatich.
"Yours very truly,
"/s/ Arthur C. Watson"
There is no evidence that plaintiff's counsel answered this letter.
No other medical testimony was introduced by either plaintiff or defendant. Plaintiff testified as to numbness in the cheek, and that he suffered pain there upon becoming hot. Besides his own testimony and that of Dr. Roy, plaintiff introduced only one witness, a fellow employee, who testified that he was present when plaintiff was injured, but was excused from the witness stand upon defendant's admission that plaintiff had been injured while in the course and scope of his employment as alleged.
Our conclusion is that plaintiff has not established a case of disability beyond the six weeks for which compensation was paid. There was no allegation or proof that the scar was disfiguring in nature nor did plaintiff's counsel contend that plaintiff was entitled to compensation under the clause of the act covering non-disabling injuries.
The judgment appealed from is set aside and judgment is now rendered rejecting plaintiff's demands, with costs.